UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAY ANTHONY MALONE,**

    **Plaintiff,**

v.                             Case No. 2:11–cv–319

**COMMISSIONER OF SOCIAL**       Judge Michael H. Watson
**SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court for consideration of the May 30, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 27.) The Magistrate Judge specifically recommended that the Court affirm the decision of the Commissioner of Social Security ("Commissioner"). Plaintiff, who is proceeding *pro se*, filed what the Court construes to be Objections to the Report and Recommendation. (ECF No. 29.) For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. The decision of the Commissioner is **AFFIRMED**.

Plaintiff filed an application for social security disability insurance benefits alleging disability since December 1, 2004. The medical record reflects that Plaintiff suffers from a variety of impairments including diabetes, hypertension, and chronic pain.[1] On July 21, 2009, an Administrative Law Judge ("ALJ") issued a decision, which ultimately became the Commissioner's final decision, finding that Plaintiff was not disabled during the relevant period. The ALJ specifically determined that, from Plaintiff's alleged onset date to his last date insured, June 30, 2006, Plaintiff was capable of performing a significant number of jobs in the national economy.

The Magistrate Judge recommended that the Court affirm the Commissioner's decision. The Magistrate Judge found that the ALJ correctly calculated Plaintiff's date last insured and appropriately excluded evidence relating to Plaintiff's July 2008 motorcycle accident from his consideration. Additionally, the Magistrate Judge found that the ALJ did not err in relying on vocational expert testimony; that substantial evidence supported the ALJ's residual functional capacity ("RFC") and credibility determinations; and that the ALJ acted within his discretion in failing to seek additional evidence. Finally, the Magistrate Judge concluded that Plaintiff failed to provide a sufficient basis for a sentence six remand, pursuant to 42 U.S.C. § 405(g), for consideration of new evidence.

---

[1] The Report and Recommendation provides a detailed overview of the relevant medical records and the administrative hearing testimony. (Report & Recommendation 2–7, ECF No. 27.)

Plaintiff's Objections are difficult to decipher. He fails to offer specific challenges to the findings and conclusions of the Magistrate Judge. To the extent Plaintiff offers discernable substantive objections, he appears to revisit a number of the matters he discussed in his initial briefing. For example, Plaintiff appears to contend, in generally conclusory fashion, that the ALJ should have considered evidence relating to his 2008 motorcycle accident.

The Court has reviewed Plaintiff Objections *de novo* pursuant to 28 U.S.C. § 636(b). The Court adopts both the determination and reasoning of the Report and Recommendation. Specifically, based on the reasoning and authority within the Report and Recommendation, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's decision and that the ALJ did not err in reaching his decision.

The Court finds only a few additional comments necessary. Specifically, the Court agrees with the Magistrate Judge's determination that ALJ considered the appropriate time period. Plaintiff's earning records reflect that his date last insured was June 30, 2006. (R. at 129–30.) Furthermore, the record reflects Plaintiff was informed of the date he was last eligible for benefits on multiple occasions throughout the administrative process. (*See* R. at 13–18, 73, 77.)

Plaintiff's Objections also evidence a misunderstanding of certain findings within the administrative decision. Contrary to the suggestion within Plaintiff's briefing, the ALJ's credibility finding did not attack Plaintiff's overall character.

Rather, the ALJ appears to have credited much of Plaintiff's testimony in evaluating his functional capacity. The ALJ reached only a limited conclusion that Plaintiff's hearing testimony was not entirely credible to the extent it was inconsistent with the ALJ's functional capacity findings. For the reasons described within the Report and Recommendation, the Court finds that substantial evidence supports the ALJ's credibility and RFC determinations. Furthermore, to the extent Plaintiff implies that the ALJ found him capable of his past work, he is incorrect. The ALJ explicitly found that Plaintiff was unable to perform his past work. (R. at 68.) Based on the vocational expert testimony, however, the ALJ found Plaintiff capable of performing other jobs in significant numbers. (R. at 68–69.)

Finally, to the extent Plaintiff continues to attempt to offer new evidence outside the administrative record, the Court finds no grounds for a sentence six remand pursuant to 42 U.S.C. § 405(g). Here, at the very least, Plaintiff has failed to show good cause why he was unable to produce any of the additional evidence at an earlier date. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.").

Accordingly, based on the above, as well as the reasoning within the Report and Recommendation, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. The decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**